# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| THE ESTATE OF RITA AQUINO SALAS, for itself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GOVERNMENT OF GUAM, by and through EDDIE BAZA CALVO, in his official capacity as Governor of Guam, and JOHN P. CAMACHO, in his official capacity as the Director of Revenue and Taxation, Government of Guam, and DOES ONE (1) THROUGH FIFTY (50),<br><br>Defendants. | CIVIL CASE NO. 15-00011<br><br>**DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)** |

**I.      INTRODUCTION**

Defendant Government of Guam ("GovGuam") has moved the Court to dismiss the petition of Plaintiff Estate of Rita Aquino Salas ("the Estate") for a writ of mandamus and to dismiss the claim for injunctive relief against the Director of the Department of Revenue and Taxation ("the Director") as barred by the Tax Injunction Act and principles of comity. The matter came on for a hearing on February 25, 2016. Movant GovGuam was represented by Deputy Attorney General Kenneth Orcutt, and the Estate was represented by Curtis C. Van de

1

velt. At the end of the hearing, the Court granted the motion as to the second cause of action (the claim for injunctive relief) and took the motion under advisement as to the first cause of action (for a writ of mandamus).

After careful consideration of the papers filed by the parties[1] and arguments of counsel at the hearing, the Court now dismisses the first cause of action, with leave to amend, and expands on the reasons it dismissed the second cause of action.

**II.     BACKGROUND**

In 1992, the Inspector General of the Department of the Interior issued a report exposing the decades-long practice of GovGuam to take and use private lands for public purposes without just compensation. On February 16, 1994, the Guam Legislature enacted Public Law 22-73, which required the Governor to develop, within 120 days of the law's passage, a list of all landowners whose lands had been taken and to compensate those landowners. Section 6(b) of Public Law 22-73 mandated the removal from the property tax rolls of private property being used for public roadways and utility easements.

The Estate owns an interest in two lots of land in Mangilao. (Compl. ¶ 31.) The lots "are used by the Government of Guam as public roads or public utilities easements without any compensation." (*Id.*) These lots will be referred to as the "Estate easements."

Plaintiff Estate asserts that the Governor never compiled the list required by Public Law 22-73 (Compl. ¶ 24) and alleges that had it been compiled, the Estate easements would have been included and the Estate compensated (Compl. ¶¶32–34). Plaintiff alleges that after the passage of Public Law 22-73, GovGuam continued to collect property taxes on the Estate easements from decedent Rita Aquino Salas (Compl. ¶ 35). Plaintiff alleges that since 1994,

---

[1] Class Action Petition for Writ of Mandamus and Complaint for Injunctive Relief, ECF No. 1, filed Apr. 27, 2015; Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("MTD"), ECF No. 6, filed May 11, 2015; Opposition, ECF No. 8, filed June 5, 2015; Reply, filed June 18, 2015, ECF No. 10.

GovGuam has compensated some similarly situated landowners for public takings and excused some of them from paying property taxes on easements on an ad hoc basis (Compl. ¶¶ 25, 35).

The Estate brings this petition as a class action on behalf of similarly situated Guam landowners. However, Plaintiff has not yet moved for class certification, and the Motion to Dismiss does not challenge the class or the Estate as class representative. Therefore, class certification is not before the Court at this time, and the Court will consider only whether the claims of the Estate, the named plaintiff, should be dismissed. *See Speyer v Avis Rent a Car System, Inc.*, 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005) (citing *Barth v. Firestone Tire and Rubber Co.*, 661 F. Supp. 193, 203 (N.D. Cal. 1987)).

Plaintiff brings two causes of action:

(1) Mandamus (Compl. ¶¶ 42–49): Plaintiff alleges that the Governor and the Director have violated the Fourteenth Amendment's Equal Protection Clause by compensating some owners of public-use easements and excusing some from having to pay property taxes, while not compensating and excusing others who are similarly situated, without a rational basis to so discriminate. Plaintiff seeks a writ of mandamus ordering the Governor and the Director to comply with Public Law 22-73, the Organic Act, other laws of Guam, and the United States Constitution.

(2) Injunctive Relief (Compl. ¶¶ 50–52): Plaintiff seeks an injunction prohibiting the Director from collecting property taxes "in violation of Public Law 22-73 for all properties equally which are described in Public Law22-73" (Compl. ¶ 51).

As a preliminary matter, it should be noted that the writ of mandamus and injunctive relief are remedies, not causes of action. "Injunctive relief is a remedy, not a cause of action." *Sandoval v. PharmaCare US, Inc.*, __ F. Supp. 3d. __, 2015 WL 7351512, *9, 2015 U.S. Dist. LEXIS 157108, *26 (S.D. Cal. 2015). "It is well-settled that a claim for 'injunctive relief'

3

standing alone is not a cause of action." *Long v. JP Morgan Chase Bank, Nat'l Ass'n*, 848 F. Supp. 2d 1166, 1180 (D. Hawaii 2012). The real causes of action are under 18 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendments. (Compl. ¶¶ 6, 43–44.)

### III. LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may challenge the court's subject matter jurisdiction. A court must dismiss a matter at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of establishing that it exists. *Rattlesnake Coalition v. EPA,* 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). Challenges to subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, "the challenger asserts that the allegations in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The party opposing a 12(b)(1) motion may "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the Tax Injunction Act applies, the district court lacks subject matter jurisdiction. *Air Polynesia, Inc. v. Freitas*, 742 F.2d 546, 547 (9th Cir. 1984).

Rule 12(b)(6) provides that, in response to a claim for relief, a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of motion. Fed. R. Civ. P. 12(b)(6). Whether a party has sufficiently stated a claim for relief is viewed in light of Rule 8 of the Federal Rules of Civil Procedure. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require

4

Case 1:15-cv-00011   Document 25   Filed 03/31/16   Page 4 of 11

detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 555 U.S. 662, 678 (2009) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citing *Twombly,* 550 U.S. at 570) (internal quotation marks omitted). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id*. at 678–79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id*. at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679.

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id*. at 679.

**IV.  DISCUSSION**

A.  <u>Writ of Mandamus</u>

GovGuam asserts that the first cause of action should be dismissed because Rule 81(b) of the Federal Rules of Civil Procedure expressly abolished the writ of mandamus in district court practice. (MTD 4.) It acknowledges that under the rule, relief previously available through a mandamus writ could be obtained by an action for mandatory injunctive relief, and that the Estate could amend the complaint accordingly. (*Id*.; Reply 2.) It asserts, however, that such amendment would be futile because injunctive relief is barred by the Tax Injunction Act and the principle of comity. (MTD 4.)

5

The Estate responds that the petition for mandamus is already pled in the alternative as a request for injunctive relief in ¶ 30 of the complaint, which ¶ 42 incorporates by reference into the first cause of action. (Opp'n 3.) It asserts that federal courts still have subject matter jurisdiction to grant relief in the nature of mandamus, even though the writ of mandamus as such has been abolished. (*Id.* 4.)

In the first cause of action, the Estate expressly petitions for a writ of mandamus, not injunctive relief. Plaintiff captions the first cause of action "Mandamus." The first two prayers for relief, which concern the first cause of action, are "[f]or a Writ of Mandamus . . ." (Compl., p. 14). A straightforward reading of the shorthand phrase "except to seek mandamus and/or injunctive relief" in introductory paragraph 30 of the complaint is that "mandamus" applies to the first cause of action, which exclusively speaks of the writ of mandamus, and "injunctive relief" refers to the second cause of action, which is captioned "Injunctive Relief."

Rule 81(b) states: "The writs of scire facias and mandamus are abolished." However, "[r]elief previously available through them may be obtained by appropriate action or motion under these rules." Relief "in the nature of mandamus" is available in federal district court pursuant to the All Writs Act. *Finley v. Chandler*, 377 F.2d 548, 548 (9th Cir. 1967) (per curiam); 28 U.S.C. § 1651(a) (All Writs Act) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). "The principles that governed the former writ now govern attempts to secure similar relief." *Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 207 (D.C. Cir. 1985) (Scalia, J.).

That is not the end of the inquiry into the Court's jurisdiction to issue the requested mandamus-like relief. Three prerequisites must be satisfied: "Mandamus jurisdiction exists when a plaintiff has a clear right to relief, a defendant has a clear duty to act and no other adequate

remedy is available." *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir. 1982). The duty must be "ministerial and so plainly prescribed as to be free from doubt." *Id.* (quoting *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970)). Moreover, the court's power to grant relief in the nature of mandamus expressly emanates from 18 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Writs in the nature of mandamus "are to compel an administrative officer to do a nondiscretionary administrative act." *Finley,* 377 F.2d at 548. Under these legal authorities, the power of the Court to compel the Governor of Guam and the Director of the Department of Revenue and Taxation "to comply with his obligations under Public Law 22-73" (Compl., p. 14) is less than apparent.

This basis to question the Court's jurisdiction was not raised in GovGuam's motion to dismiss and did not come up in the motion hearing. The parties have not had the opportunity to brief it. For this reason, the Court will not decide the question at this time. Instead, the Court will grant the motion to dismiss on the grounds asserted in the motion—namely, that the writ of mandamus has been abolished—and give the Estate leave to amend to request relief in the nature of mandamus and assert the authority for the Court's jurisdiction to grant such relief.

GovGuam's argument that the Tax Injunction Act (discussed in detail in the next section) and the principle of comity prohibit the first cause of action has merit. The act prohibits the Court from ordering Guam to issue a tax refund. Although the act's language "does not specifically cover actions for refund . . . , federal court consideration of such cases must be barred lest the Tax Injunction Act be deprived of its full effect." *Marvin F. Poer and Co. v. Counties of Alameda,* 725 F.2d 1234, 1236 (9th Cir. 1984) (barring action against counties for refund of property taxes). At its core, however, the first cause of action petitions the Court to

7

compel the Governor and the Director to comply with their obligations under Public Law 22-73 and enforce their own law. The Court could grant relief without ordering a refund in violation of the TIA. Therefore, the Court does not find that the first cause of action, as presented in this complaint, violates the Tax Injunction Act.

### B. Tax Injunction Act and Principles of Comity

GovGuam moves to dismiss the second cause of action, in which the Estate requests a prospective injunction prohibiting the Director from collecting property tax in violation of Public Law 22-73, on grounds that such relief is prohibited by the Tax Injunction Act.

The TIA states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "deprives federal district courts of subject matter jurisdiction over actions for injunctive relief from state taxation schemes." *Marvin F. Poer,* 725 F.2d at 1235. The TIA reflects "the fundamental principle of comity between federal courts and state governments . . . , particularly in the area of state taxation." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 103 (1981). The principle of comity survived the passage of the TIA in 1937. The Supreme Court applied it to bar federal court declaratory judgments in challenges to state tax laws, *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293 (1943), and to bar § 1983 actions for damages, which would require district courts to determine whether a state tax scheme is unconstitutional. *Fair Assessment in Real Estate,* 454 U.S. at 115.

GovGuam asserts that it offers adequate remedies. The taxpayer can apply for a refund under 11 G.C.A. §§ 24906–07, and if denied can seek judicial review; under P.L. 22-73 § 6, the taxpayer can ask to be removed from the tax rolls; under 7 G.C.A. § 11311.1, the taxpayer can sue for inverse condemnation; and the taxpayer can sue in Guam Superior Court. (MTD 6–7.)

8

In the alternative, GovGuam asserts that the Court should refrain from accepting jurisdiction as a matter of comity when a lawsuit challenges the constitutionality of state tax laws. (MTD 7.) The principle of comity bars taxpayers "from asserting § 1983 actions against the validity of state tax systems in federal courts[,] . . . provided of course that those remedies are plain, adequate, and complete[.]" *Fair Assessment*, 454 U.S. at 116.

The Estate responds that the TIA does not bar the second cause of action because (1) Public Law 22-73 does not restrain or impede the collection of taxes, but rather takes certain landowners off the tax rolls (Opp'n 7); and (2) Guam does not provide a plain, speedy, and efficient remedy (Opp'n 8–10). As to the second point, the Estate argues that none of the alleged remedies that GovGuam has put forward are available unless and until the Governor determines, as he is required to do by Public Law 22-73, which landowners have had their land taken for public use. The Director, it avers, cannot make that determination. The Estate asserts that the whole purpose of the public law is to provide remedies that are not otherwise available to long-suffering landowners whose property has been taken. GovGuam replies that the plain language of Plaintiff's third prayer for relief calls for restraining the Director from collecting taxes. (Reply 3.)

The injunction the Estate seeks in the second cause of action would prevent the collection of a tax under state law. Plaintiff's prayer is for exactly that: "For injunctive relief enjoining and restraining the Director of the Department of Revenue and Taxation from collecting any real property taxes in violation of Public Law 22-73 as to all landowners described in Public Law 22-73" (Compl., p. 14 ¶ 3).

Plaintiff tries to overcome this conclusion by asserting that because under Public Law 22-73 GovGuam has no right to collect a property tax on land it has taken from Plaintiff, a prohibitory injunction would not interfere with GovGuam's collection of taxes. "In this case

9

there is no 'tax' to be collected that could implicate the Tax Injunction Act. The tax at issue was eliminated by Public Law 22-73. Therefore there is no 'tax' to collect . . ." (Opp'n 7.) This argument is meritless. Regardless of whether GovGuam is lawfully assessing the tax on Plaintiff, it remains a tax.

The only way to escape the TIA is if the Estate can show that Guam does not provide a "plain, speedy, and efficient remedy." 28 U.S.C. § 1341. The Estate maintains that such a remedy does not exist. But on paper, at least, it appears one does. The Estate could ask for a refund of illegally collected taxes under 11 G.C.A. § 24906: "The tax collector shall . . . refund any taxes . . . if they were . . . (b) [e]rroneously or illegally collected[.]" The Estate asserts that this statute applies only in "a normal setting where a partial taking of property without compensation is not an issue." (Opp'n 8.) At the motion hearing, the Court asked counsel whether the Estate had gone to the Department of Revenue and Taxation to ask for a refund, and he stated that it had not. It is not apparent that such an effort would be futile.

Moreover, Public Law 22-73 provides a self-help mechanism for landowners who believe their land should be removed from the tax rolls. "All landowners whose real estate tax payments would be reduced by such removal may present to the Director on forms suppl[i]ed by the Director, proof by way of affidavit or otherwise that part of their property upon which they are paying real property taxes is actually occupied by the government. Upon verification of the truth of such statement, the Director shall remove such government-occupied property from the taxpayers' taxable property." Pub. L. 22-73 § 6(b). It is not clear why this cannot be done, as the Estate asserts, until the Governor has issued a report. It does not matter that the Director has not discharged his independent duty under § 6 to "forthwith remove" such lands from the tax rolls – the landowners can take the initiative. At the hearing, counsel asserted that such a request would be futile because the law does not give the Director the authority to decide which portions of the

10

Estate's property have been taken, and that such a determination could only be made through an inverse condemnation action. Even if counsel is correct, inverse condemnation is provided for in Guam law, 7 G.C.A. § 11311.1.

Because the TIA applies and Plaintiff has not carried its burden to show that a "plain, speedy, and efficient" state court remedy exists, GovGuam's motion to dismiss the second cause of action will be granted.

**V. CONCLUSION**

For the reasons stated above, the Court ORDERS as follows:

(1) GovGuam's motion to dismiss the first cause of action is granted. The Estate is given leave to amend its complaint within 14 days of the date of this Order so as to request relief in the nature of mandamus and assert the legal authority for the Court's jurisdiction to grant such relief.

(2) GovGuam's motion to dismiss the second cause of action is granted without leave to amend.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
        **Chief Judge**
**Dated: Mar 31, 2016**